CITY OF NEW YORK v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Division, First Department. May 15, 1908.)

STREET RAILROADS—FRANCHISE—CONSTRUCTION.

Under a New York City street railway franchise, providing that each car used on the line should be annually licensed by the mayor and that there should be paid annually for such licenses such sum as the common council should thereafter determine, and under an ordinance, re-enacted without material change, imposing an annual license fee of $50 on passenger railroad cars, excepting horse cars, on which a $25 fee is imposed, the holder of the franchise is required to pay a license fee for each car operated over its line.

Appeal from Trial Term.

Action by the city of New York against the New York City Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Joseph P. Cotton, Jr. (R. H. Neilson, on the brief), for appellant.

Terence Farley (Theodore Connoly and Frank B. Pierce, on the brief), for respondent.

LAUGHLIN, J.   This action is brought to recover car license fees for the years 1902 to 1905, inclusive, for cars run and operated over the Sixth Avenue franchise by the defendant as lessee.   The Sixth Avenue Railroad Company was incorporated on the 29th day of December, 1851, pursuant to the provisions of the general railroad act, being chapter 140, p. 211, of the Laws of 1850, and succeeded to the ownership and control of a certain grant made by the mayor, aldermen, and commonalty of the city of New York on the 6th day of September, 1851, which conferred the right to construct a line of street railway and operate thereon passenger cars for the transportation of passengers for hire upon certain terms and conditions, among which was the following:

"That each of said passenger cars to be used on said roads shall be annually licensed by the mayor, and there shall be paid annually for such licenses such sum as the common council shall hereafter determine."

The railroad was constructed in part prior to the 4th day of April, 1854, and the grant was ratified and confirmed by the provisions of section 3, c. 140, p. 212, of the Laws of 1854, which took effect on that day.   An ordinance was thereafter adopted by the common council of the city of New York and approved by the mayor on the 31st day of September, 1858, section 1 of which provides as follows:

"Each and every passenger railroad car running in the city of New York below One Hundred and Twenty-Fifth street shall pay into the city treasury the sum of fifty dollars annually for a license, a certificate of such payment to be procured from the mayor, except the small one-horse passenger cars, for which shall be paid the sum of twenty-five dollars annually for such license as aforesaid."

In the revision of the ordinance by section 584 of article 17 of the Revised Ordinances, this ordinance, so far as applicable to the line in question, was re-enacted without material change.   Another section of the ordinance required that the certificate of the payment of the license fee be posted in each car, and imposed a penalty for operating a car without it.   This grant and ordinance, taken together, clearly required a license fee for each car operated over the line, and showed beyond question that the common council so intended.

There was no conflict in the evidence, and the verdict was directed for the amount to which the plaintiff was entitled, on the theory that it was the duty of the defendant to pay a license fee for each car run and operated over the line during the respective years in question. The opinion in the action between the same parties with respect to the Ninth Avenue franchise, argued and decided herewith (110 N. Y. Supp. 720), governs the questions presented by this appeal.   The only difference in the material facts not already stated is that on the trial of this case the court excluded the evidence with respect to the basis upon which payments of license fees were previously made, and with

respect to the partial payment made for the year 1902, which defendant claims constituted an accord and satisfaction for that year.

It follows that the judgment should be affirmed, with costs. All concur.

---

### ROMEO v. CHIANGONE et al.

(Supreme Court, Appellate Division, Second Department. May 12, 1908.)

1. APPEAL—RESERVATION OF GROUNDS OF REVIEW—MATTERS NOT CONSIDERED IN LOWER COURT.

In a proceeding to foreclose a mechanic's lien, where there was no evidence as to when the action was begun, and the case was tried on its merits without any suggestion that the lien had lapsed, it cannot be urged on appeal that the lien had lapsed because the action was not begun within three months from the time of filing the notice thereof, as required by Lien Law, Laws 1897, c. 418 (as amended by Laws 1902, c. 37), § 17.

2. MECHANICS' LIENS—FORECLOSURE—PLEADING—ISSUES—UNNECESSARY ALLEGATIONS.

No issue can be raised on an unnecessary or immaterial allegation in a pleading, and hence in mechanic's lien foreclosure proceedings, where the complaint alleged that the proceeding had been begun within 90 days from the filing of notice of lien, which is the time required by statute, no issue could be raised on that point by a denial of the allegation in the answer.

Hooker, J., dissenting.

Appeal from Westchester County Court.

Action by Antonio Romeo against Gaetano Chiangone and others. From a judgment confirming a referee's report, and an order denying a motion to set aside the report, certain defendants appeal. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Adrian M. Potter, for appellants.
William J. Wallin, for respondents.
Charles E. Otis, for defendant City of Yonkers.

