## CITY OF NEW YORK v. NEW YORK CITY RY. CO.

### (Supreme Court, Appellate Term. June 18, 1909.)

1. STREET RAILROADS (§ 28*)—FRANCHISE—CONTRACT.

    A street railway franchise grant, when accepted and acted upon, becomes a contract.

    [Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 28.*]

2. CONSTITUTIONAL LAW (§ 133*)—FRANCHISE—CONTRACT.

    A street railway franchise provided that each car should be annually licensed at such sum as the common council might determine. Thereafter an ordinance was adopted, fixing the license at $50 a car, requiring a certificate of the payment thereof to be displayed in the car and imposing a penalty of $50 for each car without a certificate. Later the ordinance was amended so as to impose a penalty of $50 for "each day" a car should be run without a certificate. *Held*, that the provisions of the ordinance for the display of the certificate of payment and imposing a penalty for failure to do so were made under the general power of the city, and not under the power reserved in the franchise to fix the amount of the license fee, and could not be read into the franchise as forming part of the contract, and might, therefore, be amended without impairing the contract rights of the street railway company established by its accepting and acting under the franchise.

    [Ed. Note.—For other cases, see Constitutional Law, Dec. Dig. § 133.*]

Appeals from Municipal Court, Borough of Manhattan, Second District.

Two actions by the City of New York against the New York City Railway Company. Judgments for plaintiff, and defendant appeals. Affirmed.

See, also, 116 N. Y. Supp. 1133.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

James L. Quackenbush (Joseph P. Cotton, Jr., and Robert H. Neilson, of counsel), for appellant.

Francis K. Pendleton (Theodore Connoly and Terence Farley, of counsel), for respondent.

LEHMAN, J. These actions are brought to recover penalties for the operation of five surface cars by the defendant company under the franchise of the Sixth Avenue Company and a similar number of cars under the franchise of the Eighth Avenue Company without the display therein of certificates of payment of license fees. The lines of both the Sixth Avenue and the Eighth Avenue Companies,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the lessors of the defendant, were built under a franchise grant which provided that:

"Each of said passenger cars to be used on said roads shall be annually licensed by the mayor, and there shall be paid annually for such license such sum as the common council may hereafter determine."

An ordinance was thereafter adopted on the 31st day of December, 1858, which provides that every passenger car should pay the sum of $50 annually for a license, a certificate of such payment to be procured from the mayor; that the license should be affixed in a conspicuous place in the car, so that it might be inspected by the proper officers; and subjecting the companies to a penalty of $50 for each car without the proper certificate of license. The obligation of the defendant as the successor in interest of these companies to pay a car license fee of $50 on each and every car operated on these lines has been established in the case of City of New York v. N. Y. City Ry. Co., 126 App. Div. 39, 110 N. Y. Supp. 722, affirmed on opinion below 193 N. Y. 679, 87 N. E. 1117.

The franchise grant, when accepted and acted upon, became a contract. City of New York v. New York City Railway Co., 193 N. Y. 543, at 548, 86 N. E. 565. That part of the ordinance which fixes the amount of the license fee must be read into the grant and establishes the rate thereunder; but the additional provisions of the ordinance, providing for the exhibition of the certificate of payment and for a penalty in case of failure to exhibit such certificate, were made under the general power of the city government, and not under the power reserved in the grant to fix the amount of the license fee. They were probably inserted as a convenient method of obtaining payment of the license fee; but they cannot be read into the franchise grant as forming part of the contract, for they obviously were not intended to represent the determination of the common council as to the amount of the license tax. They may, therefore, be amended without infringing the rights of the companies established by their contract, unless such amendment increases or alters the amount to be paid under such contract.

The ordinance of 1858 was amended by chapter 7, art. 17, of the Revised Ordinances of the City of New York, to provide that the penalty for each car without the proper certificate of license should be $50 for each day every such car should be run. The defendant claims that this changes its contract and impairs its rights thereunder. The defendant, if it carries out its obligations under the contract, suffers no penalties. Its rights thereunder remain the same. It has never under the contract reserved any right to break its contract, and the penalty was never intended to establish any liquidated damages. If it does not fulfill its obligations, it certainly ought not to be permitted to say that any lawful means which the city would otherwise have a right to adopt to enforce more effectively the company's obligations increases these obligations and impairs its contractual rights.

Judgment should be affirmed, with costs to respondent. All concur.