NORA MURPHY, WIDOW OF DENNIS MURPHY, DECEASED, BY WORKMEN'S COMPENSATION AID BUREAU, RE- SPONDENT, v. GEORGE BROWN & COMPANY, A COR- PORATION OF THE STATE OF NEW JERSEY, PROSE- CUTOR.

Argued November 8, 1917—Decided February 18, 1918.

1. The act entitled "An act creating a Workmen's Compensation Aid Bureau in the Department of Labor" (*Pamph. L.* 1916, *p.* 97, *ch.* 54), is not in conflict with the constitutional requirement that every law shall embrace but one object, and that shall be expressed in the title.

2. The Workmen's Compensation Aid Bureau act (*Pamph. L.* 1916, *p.* 97, *ch.* 54) does not impair the obligation of a contract be- tween employer and employe entered into after the act took effect. The provisions of the act (1) that no agreement between employer and employe as to the amount of compensation due shall be conclusive without the approval of the bureau and (2) that making the employer liable for legal expenses in enforcing it, do not impair the obligation of a contract made before the act took effect but entered into in view of the Workmen's Com- pensation act as amended by *Pamph. L.* 1913, *p.* 302, and sub- ject thereto.

3. *Res gestæ* includes those circumstances which are the·undesigned incidents of a particular litigated act. They may be separated from the act by a lapse of time more or less appreciable and may consist of speeches of anyone concerned, whether participant or bystander. They may comprise things left undone as well as things done. They must be the necessary incidents of the liti- gated act in this sense that they are part of the immediate preparations for or emanations of such act, and are not produc d by the calculated policy of the actors.

4. In a workmen's compensation case it is not erroneous to admit statements made by the decedent to fellow workmen as to the cause of the accident immediately after it happened, and befoie and during the time he was being bandaged.

On *certiorari*.

Before Justices SWAYZE, TRENCHARD and MINTURN.

For the prosecutor, *M. Casewell Heine.*

For the respondent, *Runyan Colie.*

The opinion of the court was delivered by

TRENCHARD, J. Whilst at work for George Brown & Company on December 9th, 1916, Dennis Murphy received an acid burn on his fingers. An infection later developed as a result of which he died.

No petition for compensation being filed by his widow or dependents, the workmen's compensation aid bureau certified a state of facts to the judge of the Essex County Common Pleas Court, pursuant to chapter 54 of *Pamph. L.* 1916, *p.* 97. The judge, thereupon, after assigning counsel to the petitioner, and fixing a time and place for hearing, heard the same and rendered judgment for the petitioner and against the company, including therein $150 for the petitioner's legal expenses. The company then sued out this writ.

We are of the opinion that the judgment must be affirmed.

The prosecutor's first point is that chapter 54 of *Pamph. L.* 1916, *p.* 97, entitled "An act creating a workmen's compensation aid bureau in the department of labor," is unconstitutional because not in compliance with article 4, section 7, paragraph 4 of the constitution of New Jersey requiring that "every law shall embrace but one object, and that shall be expressed in the title."

We think the point not well taken.

By force of that constitutional provision the object of every law must be single and be expressed in the title of the law; the product may be as diverse as the object requires and finds its expression in the terms of the enactment only. In fine, the title of an act is a label, not an index. *Moore v. Burdett,* 62 *N. J. L.* 163.

The act in question creates a bureau and empowers it to investigate the operation of the Workmen's Compensation act and similar legislation in other states, and report thereon to the legislature. It further empowers the bureau to investigate any particular accident; to supervise agreements of settlement between employer and employe, and to endeavor to bring about such settlements, and in the event of the employer's undue delay or failure to pay compensation, to certify the facts on behalf of the employe to the Court of Common

Pleas, which certified facts are to act as a petition filed on behalf of the employe. The act then directs, if no counsel is engaged by the employe, the appointment of counsel by the court, and that the matter shall thereupon be governed by the procedure outlined in the Workmen's Compensation act. It further directs that if the court finds that the employer is without reasonable excuse for undue delay or failure to pay compensation, then the reasonable expenses of the employe, by reason of such delay, including medical and legal services and loss of time, are to be paid by the employer.

It thus appears that the sole object of the act is the establishment of a workmen's compensation aid bureau; and this is exactly what is expressed in the title. The incidental matters, or product, are cognate to the object and necessary for the proper and efficient operation of the workmen's compensation aid bureau, and need not, and could not properly, be set out in the title. It is erroneous to consider that the so-called change in the procedure in the Court of Common Pleas (if, indeed, it is of sufficient consequence to be called a change in procedure), is an object of the act under consideration, and hence to be expressed in the title. It is not an object of the act, but is a reasonable product of the creation of the bureau, or, as frequently stated, a matter cognate to the object of the act as expressed in the title. That such cognate matters, particularly when they are matters of procedure, do not have to be expressed in the title of the act, is clearly indicated by a most cursory examination of statutes which have received judicial sanction. *State Board of Health* v. *Diamond Mills,* 63 *N. J. Eq.* 111; *Hickman* v. *State,* 62 *N. J. L.* 499; *affirmed,* 63 *Id.* 666; *Coward* v. *North Plainfield, Id.* 61; *Stagway* v. *Riker,* 84 *Id.* 201; *Whittingham* v. *Milburn,* 90 *N. J. L.* 344.

The next point is that the act under consideration impairs the obligation of contract, contrary to article 4, section 7, paragraph 3 of the constitution. We think it does not. The act took effect July 4th, 1916. We think the admission of the answer in the present case, and the "determination" of the trial judge, show in effect that the contract of hiring in

this case was entered into after the act took effect, in which case, of course, the act could not impair the obligation of the contract, since the contract must be presumed to have been made in view of and subject to the provisions of the act.

Assuming, however, that the contract was entered into before the passage of the act, still the act would not impair its obligation.

The prosecutor's first contention under this point is that the act makes the aid bureau's approval necessary to any binding agreement between employer and employe as to the amount of compensation due, thereby substituting the judgment of the aid bureau for the provisions of the Workmen's Compensation act. But this point seems to be inapplicable to the case at bar, since it clearly appears that no such agreement was ever made, or attempted to be made, between the employer and employe; and, furthermore, it would seem that this provision could be excised from the act and the remainder stand. But, in any case, this provision, far from depriving the employer of any contract right, gives him an added right, for the Workmen's Compensation act, as amended by *Pamph. L.* 1913, *p.* 302, expressly provides that "no agreement between the parties for a lesser sum than that which may be determined by the judge of the Court of Common Pleas to be due, shall operate as a bar to the determination of a controversy upon its merits, or to the award of a larger sum, if it shall be determined by the said judge that the amount agreed upon is less than the injured employe or his dependents are properly entitled to receive." If, therefore, it be assumed that the contract was entered into before the passage of the Aid Bureau act, still that act would not impair the obligation of a contract made in view of the Workmen's Compensation act and its amendments.

The only remaining contention under this point is that the act impairs the obligation of the contract "by making the employer liable to have imposed upon him the payment of petitioner's legal expenses," in addition to the provisions of the Workmen's Compensation act. But the adding of a

counsel fee to the amount to be recovered by the petitioner in workmen's compensation proceedings rendered necessary by the employer's neglect to perform his contract, introduces no change whatever in the substantive terms of the contract of employment, but merely amplifies the remedy and procedure by which that contract is to be enforced. Being such it is not in violation of the constitutional provision. Such is the reasoning of the cases: *Troth* v. *Millville Bottle Works*, 89 *N. J. L.* 219; *Camden & Amboy Railroad Co.* v. *Briggs*, 22 *Id.* 623; *New York* v. *New York City Railway Co.*, 117 *N. Y. Supp.* 919; *County of Kossuth* v. *Wallace* (*Iowa*), 15 *N. W. Rep.* 305; *Snyder* v. *Supreme, &c., Circle* (*Tenn.*), 122 *S. W. Rep.* 981; *Mobile, &c., Railway Co.* v. *Steiner*, 61 *Ala.* 559.

The next point is that the "trial court erroneously admitted hearsay evidence, *i. e.,* declarations to fellow-employes."

This point is expressly limited to declarations to fellow-employes. It has no reference to the irresponsive testimony of the decedent's widow, Nora Murphy. This is so in proper recognition of the fact that such testimony was considered by all the parties at the trial as being stricken out, and no exception or objection was taken to any ruling or failure of the court to rule on it.

The testimony challenged is that of the witnesses Lundy and Bull. It consists of declarations by the decedent. We consider that it was properly admitted as part of the *res gestæ*. It is well settled that the *res gestæ* includes those circumstances which are the undesigned incidents of a particular litigated act. They may be separated from the act by a lapse of time more or less appreciable, and may consist of speeches of anyone concerned, whether participant or bystander. They may comprise things left undone as well as things done. They must be the necessary incidents of the litigated act in this sense that they are part of the immediate preparations for or emanations of such act, and are not produced by the calculated policy of the actors. *Hunter* v. *State*,

40 *N. J. L.* 495; *State* v. *Kane,* 77 *Id.* 244; *Trenton Passenger Railway Co.* v. *Cooper,* 60 *Id.* 219.

Tested by that rule we think it was not erroneous to admit the statements made by decedent to Lundy and Bull as to the cause of the accident immediately after it happened, and before or during the time his fingers were being bandaged.

It seems entirely reasonable to conclude that they were undesigned incidents or emanations of the accident, and were spontaneous and unreflecting, and made before decedent had had time to invent or misrepresent.

With respect to the other points argued in the prosecutor's brief it is sufficient to say that none of them are supported by any reasons for reversal and that all are without merit.

The judgment below will be affirmed, with costs.