WILLIAM BUTLER'S CASE.

Essex. December 11, 29, 1931. — January 26, 1932.

Present: RUGG, C.J., WAIT, SANDERSON, & FIELD, JJ.

*Workmen's Compensation Act*, Costs. *Constitutional Law*, Equal protection of law, Due process of law.

St. 1930, c. 208, amending G. L. c. 152, § 10, so as to require the Industrial Accident Board to assess costs including a reasonable counsel fee against the insurer in cases under the workmen's compensation act where the insurer has claimed a review and where the board in its decision orders the insurer to make or continue payments to the employee, is constitutional.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation and assessing "costs of $50 against the insurer as a reasonable fee for the services of counsel before the reviewing board, including expenses incurred by him for travel and necessary expenditures in connection with the review."

The case was heard in the Superior Court by *Cox*, J., by whose order a final decree was entered in accordance with the decision by the Industrial Accident Board. The insurer appealed.

*F. J. Donahue*, for the insurer, submitted a brief.

*W. M. Espovich*, for the claimant.

RUGG, C.J. It is stipulated between the parties that the only question presented by this appeal is the constitutionality of St. 1930, c. 208, amending G. L. c. 152, § 10, so as to require the reviewing board to assess costs including a reasonable counsel fee against the insurer in cases where it has claimed a review and where the reviewing board by its decision orders the insurer to make or continue payments to the employee under the workmen's compensation act. The insurer contends that said c. 208 is unconstitutional, as depriving it of property without due process

of law and denying to it the equal protection of the laws, under the principles declared in *Bogni* v. *Perotti,* 224 Mass. 152, 156, *Gulf, Colorado & Santa Fé Railway* v. *Ellis,* 165 U. S. 150, and *St. Louis, Iron Mountain & Southern Railway* v. *Wynne,* 224 U. S. 354. The statute has been held not to contravene those principles in *Ahmed's Case, ante,* 180.

*Decree affirmed.*