SPECTOR, Judge.
Plaintiff in a civil action for damages arising from assault and battery seeks reversal of a judgment entered upon an adverse jury verdict.
The appellant owed an account to appel-lee which apparently was in arrears. An agent of the latter came to appellant’s home seeking to make a collection or in the alternative to repossess the car. An argument ensued and appellant asked the collector to leave. The latter declined to leave at once. Instead, he insisted on remaining in appellant’s home long enough to complete his purpose. Upon the collector’s refusal to leave, appellant approached his unwanted visitor. Appellant testified that his purpose in approaching the collector was “to show him out”. The collector’s testimony was that appellant attacked him and was choking him with both hands around his throat.
Appellant was a man 56 years old who was still under treatment for injuries he had suffered sometime earlier when a truck load ’of logs overturned on him breaking both legs and his jaw, fracturing his shoulder and ribs, as well as injuring his back. Shortly before this altercation, he had stopped using his crutches but a steel pin ran down the length of his shin bone. Ap-pellee’s agent was a young man of 28 years of age and apparently of sturdy build.
Appellant’s evidence, if believed, made out a civil case of assault and battery within the rules of the decisions in Fouts v. Household Finance Corporation, 75 So.2d 772 (Fla.1954); Lockhart v. *404 Friendly Finance Company, 110 So.2d 478 (Fla.App.1959); and Columbia By the Sea, Inc. v. Petty, 157 So.2d 190 (Fla.App.1963). On the other hand, the defendant’s testimony, if believed, as it apparently was, made out a plea of self-defense as pled in its answer. Such a plea, though a valid defense, is in the nature of a confession and avoidance; and the party interposing the claim of self-defense has the burden of proving it. Phoenix v. Carey, 108 So.2d 268 (La.App.1959); 6 Am.Jur.2d, Assault and Battery, Section 158, et seq.
 The sole question that appellant raises in this appeal is the trial court’s refusal to permit him to introduce evidence in rebuttal to appellee’s affirmative defense of self-defense. The evidence so sought to be introduced on rebuttal consisted of the fact that the thumb was missing from appellant’s left hand and this was a circumstance that tended to disprove the collect- or’s version, of his need to resort to defensive measures since he testified that appellant attacked him by choking him with both hands at the throat. The rebuttal evidence was rejected by the trial court upon the stated belief that the evidence concerning the state of appellant’s hand should have been brought out on the plaintiff’s main case and that it was irrelevant as rebuttal evidence. We think the court erred in so ruling. Since the defendant had the burden of proving its affirmative defense, the plaintiff was entitled to thereafter introduce such evidence as he might have had to counteract or detract from the defendant’s plea in avoidance. The physical condition of the parties to an altercation is a proper matter to be considered by a jury in determining whether the party claiming self-defense exceeded the amount of force reasonable and necessary to the purpose. 6 Am.Jur.2d, Assault and Battery, Section 163. Therefore, appellant’s physical condition, i.e., the missing thumb, was a matter properly to be considered by the jury; not in support of appellant’s case, but rather in opposition to appellee’s plea of self-defense. Ahearn v. Florida Power and Light Company, 113 So.2d 751 (Fla.App.1959).
Reversed and remanded for a new trial.
JOHNSON, C. J., and RAWLS, J., concur.