SPECTOR, Chief Judge.
Appellant seeks reversal of a judgment founded upon jury verdicts in favor of ap-pellee in the amount of $25,000 compensatory damages and $30,000 punitive damages in an action arising out of an assault perpetrated by an agent of appellant upon the appellee. For a full detail of the facts, see this Court’s earlier opinion in Johns v. Ford Motor Credit Company, Fla.App., 226 So.2d 403.
Appellant contends that the judgment for compensatory damages should be reversed on authority of Hutchins v. City of Hialeah, 196 So.2d 741 (Fla.1967), for the reason that following our decision in Johns v. Ford, supra, Johns had prosecuted a separate action against appellant’s agent, Mowry, which resulted in a jury verdict of $1,850 compensatory damages and no punitive damages. However, appellee contends that this issue is controlled by our decision in Gerardi v. Carlisle, Fla.App., 232 So.2d 36, wherein we held:
“It seems clear to us that the doctrines of res judicata and estoppel by judgment do not operate to bar a plaintiff who has recovered a judgment against one tort-feasor from relitigating all issues in a subsequent suit against a joint tort-fea-sor. ...”
Appellee’s contention that the instant case is governed by the above principle elaborated by us in Gerardi is correct. Our examination of the Hutchins case relied on by appellant convinces us that it is inapplicable here because Hutchins was postured differently than the case at hand. Therefore, it is not dispositive of the res judicata and estoppel issue raised by appellant.
By its remaining issue, appellant contends that the jury’s refusal to render a verdict for punitive damages against its agent Mowry in the separate action against him serves as a bar to a punitive damage verdict against it. This contention was rejected by the court in Joab, Inc. v. Thrall, 245 So.2d 291 (Fla.App.1971). In Joab, as in the case at bar, there was involved an assault and battery committed without legal justification. The court held that the plaintiff could properly be awarded punitive damages from an employer even though the employee who committed the assault and battery was assessed only for compensatory damages. In so holding, the court stated:
“In awarding punitive damages the jury may properly punish each wrongdoer by exacting from his pocketbook a sum of money which, according to his financial ability, will hurt, but not bankrupt; and the verdict shall state separately the amount of punitive damages. Lehman v. Spencer Ladd’s, Inc., Fla.1966, 182 So.2d 402; and Rule 1.481 R.C.P., 30 F.S.A.”
Accordingly, the judgment reviewed herein is affirmed in all respects.
WIGGINTON and JOHNSON, JJ., concur.