417 So.2d 785 (1982)
MYSTERY FUN HOUSE, INC., David A. Siegel and Jack McElyea, Appellants/Cross-Appellees,
v.
MAGIC WORLD, INC., and Christopher Crutcher, et al., Appellees/Cross-Appellants.
No. 81-394.
District Court of Appeal of Florida, Fifth District.
August 4, 1982.
*786 William B. Mesmer, Orlando, for appellants/cross-appellees.
Aldo Icardi, P.A., Winter Park, for appellees/cross-appellants.
COWART, Judge.
Cross-appellant Magic World was a lessee under a written lease containing a provision for reasonable attorney's fees to either party prevailing in an action to enforce any terms of the lease. Magic World sued the lessor, cross-appellee Mystery Fun House, for damages for constructive eviction and prevailed. The trial judge entered final judgment on the jury verdict in favor of Magic World but declined to allow attorney's fees. Magic World seeks review of this point. While there is a legal question as to whether an action for constructive eviction is an action "to enforce" the terms of a lease, that point is not dispositive. The trial court was correct in denying Magic World's motion for attorney's fees because attorney's fees were an element of damages under the contract which should have been considered and awarded by the jury. As was stated in Newcombe v. South Florida Business Negotiators, Inc., 340 So.2d 1192 (Fla. 2d DCA 1976),
In a jury trial a claim for attorney's fees predicated upon a provision in the contract between the parties becomes an element of damages and must be determined by the jury.

Id. at 1194.
See also Commodore Plaza at Century 21 Condominium Association, Inc. v. Cohen, 350 So.2d 502 (Fla. 3d DCA 1977), cert. denied, 362 So.2d 1051 (Fla. 1978); Riess v. Goldman, 196 So.2d 184 (Fla. 3d DCA 1967); Ronlee, Inc. v. P.M. Walker Co., 129 So.2d 175 (Fla. 3d DCA 1961). Since Magic World did not present any evidence for the jury as to a reasonable attorney's fee and did not request an instruction that the jury consider an attorney's fee as an element of damages, Magic World waived that issue. Where a jury fails to allow attorney's fees, there is no authority for the trial judge to assess attorney's fees over and above the jury verdict. Commodore Plaza at Century 21 Condominium Association, Inc. Therefore the trial court did not err in denying the post-trial motion for attorney's fees.
Interestingly, consolidated for trial with the constructive eviction action was an action in which cross-appellant Christopher Crutcher recovered compensatory damages against cross-appellees Siegel and McElyea for assault and battery. On this appeal, Crutcher claims that the trial judge erred in directing a verdict for Siegel and McElyea on the issue of punitive damages. We agree. All other Florida district courts of appeal have held that evidence of an intentional assault and battery without legal justification, as a matter of law, is sufficient evidence of malice to justify submitting a claim for punitive damages to the jury.[1] *787 Therefore it was error for the trial court to direct a verdict against Crutcher on the issue of punitive damages and this cause is reversed as to that matter and remanded for trial on that issue alone.
AFFIRMED in part; REVERSED in part.
ORFINGER, C.J., and COBB, J., concur.
NOTES
[1] See, e.g., Parsons v. Weinstein Enterprises, Inc., 387 So.2d 1044 (Fla. 3d DCA 1980); Ford Motor Credit Co. v. Johns, 269 So.2d 54 (Fla. 1st DCA 1972); Joab, Inc. v. Thrall, 245 So.2d 291 (Fla. 3d DCA 1971); Holland v. Glass, 213 So.2d 320 (Fla. 4th DCA 1968); Wrains v. Rose, 175 So.2d 75 (Fla. 2d DCA 1965); Bryson v. Swank, 166 So.2d 833 (Fla. 3d DCA 1964), cert. denied, 172 So.2d 596 (Fla. 1965). These cases are to be distinguished from Winn & Lovett Grocery Co. v. Archer, 126 Fla. 308, 171 So. 214 (1936), which involved the apprehension by a store of a suspected shoplifter and therefore the resulting assault and battery may have had some "legal justification." However, this is not to imply that no assault on suspected shoplifters can support an award for punitive damages. See, e.g., Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla. 1978) (punitive damages allowed where suspected shoplifter was accosted by security guard).