NESBITT, Judge.
There being an absence of any evidence to support K-Mart’s affirmative defenses of probable cause and consent, we find that the trial court erred in submitting these issues to the jury. Therefore, we reverse the judgment below.
A security guard, working for K-Mart, approached Dany Hernandez in the parking lot of the K-Mart store. At the guard’s request, she accompanied him to a room in the back of the store where she was accused of shoplifting. Though she denied the accusation, she was interrogated, threatened with police action, and strip-searched. When the K-Mart employees’ efforts to inculpate her proved fruitless, they released her with their apologies. Dany filed a lawsuit alleging false imprisonment, assault and battery. She also alleged that K-Mart had negligently hired, trained, supervised, and retained the em *1260 ployees involved in the incident.[1] Miguel, Dany’s husband, filed a claim for loss of consortium. In its answer, K-Mart denied that the incident occurred, and, in the alternative, set forth the affirmative defenses of probable cause and consent.
At trial, the only evidence of the incident was presented by the Hernandezes. Dany testified that she went to K-Mart with her thirteen-year-old daughter, Marlene, to price washing machines. Marlene brought a shirt over to Dany and requested that Dany purchase it. After Dany declined to do so, they both left the store. Dany further testified that after she was accused, the guard told her he was calling the police, but that the police never arrived. She was told to strip so that she could be searched, and she complied. Dany’s son, Miguel, Jr., testified that he was telephoned by either Dany or Marlene and went to the store, arriving while his mother was being interrogated.
It was upon this evidence, and over the Hernandezes’ objections, that the court instructed the jury as to K-Mart’s affirmative defenses, and submitted the issues to the jury. The jury returned a verdict finding that, although K-Mart was the legal cause of any injuries which might have been suffered, it had probable cause to believe that Dany had shoplifted. The jury mistakenly left the question of consent unanswered.
K-Mart had the burden of proving probable cause, see Lee v. Geiger, 419 So.2d 717 (Fla. 1st DCA 1982), review denied, 429 So.2d 5 (Fla.1983), and consent, see 6 Am. Jur.2d Assault and Battery § 206 (1968); cf. Johns v. Ford Motor Credit Co., 226 So.2d 403 (Fla. 1st DCA 1969) (defendant has burden of proving its affirmative defense, and plaintiff may counter with other evidence).
Though the standard of proving probable cause for a merchant to detain a suspected shoplifter is less than the probable cause required to support a later prosecution, Gatto v. Publix Supermarket, Inc., 387 So.2d 377 (Fla. 3d DCA 1980), K-Mart failed to come forward with any evidence showing probable cause and, in fact, denied the occurrence of the incident. This, as a matter of law, was insufficient to carry its burden of presenting evidence of its affirmative defense. K-Mart contends that Miguel, Jr. gave consent to the search of his mother when he said, “If you don’t believe her, why don’t you search her?”. Not only does this quotation not appear in the record, but even if it did, Miguel Jr. was not capable of giving consent for Dany where she had the capacity to give her own consent and Miguel Jr. was unauthorized to do so. See Restatement (Second) of Torts § 892 (1979).
K-Mart failed to present any evidence establishing its affirmative defenses; therefore, the trial court erred in submitting the issues of probable cause and consent to the jury over objection of the Her-nandezes’ counsel. Cf. Valdes v. Faby Enterprises, 483 So.2d 65 (Fla. 3d DCA 1986) (error for the court to submit instruction on comparative negligence to jury where there is no evidence supporting such theory); Borenstein v. Raskin, 401 So.2d 884 (Fla. 3d DCA 1981) (same).
Accordingly, we reverse the judgment under review and remand to the trial court with directions to enter a directed verdict in favor of the Hernandezes on the issues of probable cause and consent; and to enter a judgment in accordance with the jury’s verdict finding K-Mart’s false imprisonment and assault and battery to be the proximate cause of the injuries allegedly suffered by the Hernandezes. Finally, upon remand, the trial court is directed to grant a new trial as to compensatory and punitive damages. Having so ruled, we find that it is unnecessary to address the remainder of the contentions advanced by the plaintiff.
It is so ordered.

. We note that the Hernandezes failed to present any evidence as to K-Mart’s alleged negligence in hiring, training, supervising, and retaining its employees. On appeal, they do not seek judgment on this issue and we therefore do not address it.