498 So.2d 1377 (1986)
NCN ELECTRIC, INC., Appellant,
v.
Anthony LETO and G. James Bock, Appellees.
No. 85-1527.
District Court of Appeal of Florida, Second District.
December 23, 1986.
John Charles Heekin, Port Charlotte, for appellant.
Darryl C. Casanueva of Olmstead, Schwartz, Kahle & Casanueva, Port Charlotte, for appellees.
FRANK, Judge.
The appellant, NCN Electric, Inc., the successful cross-plaintiff before the trial court in a mechanics lien foreclosure action, disputes the denial to it of an attorney's fee. The final judgment entered on the cross-claim states that although § 713.29, Florida Statutes (1983), contemplates that the prevailing party in a mechanics lien proceeding "be made whole by an award of attorney's fees and costs, ... the Court finds that there was no testimony as to attorney's fees adduced at trial hereof, liability for nor amount." The final judgment also provides for the retention of jurisdiction, without limitation, for the entry of "further orders as are proper." Immediately following execution of the final judgment, NCN filed a motion for rehearing, which was denied, seeking the trial court's revisitation of that aspect of the judgment denying it recovery of an attorney's fee. The trial court erred.
We have held that the award of an attorney's fee to the prevailing party in a mechanics lien foreclosure proceeding is mandatory when such fee is sought. Peter Marich & Associates, Inc. v. Powell, 365 So.2d 754 (Fla. 2d DCA 1978). The trial court obviously believed the only appropriate stage at which to prove the amount of the fee was during the trial. Apart from the absence of any authority to support that view, the difficulty we have with it derives from two considerations.
Section 713.29, Florida Statutes (1983), provides that:
Attorney's fees.  In an action brought to enforce a lien under part I, the prevailing party shall be entitled to recover a reasonable fee for the services of his attorney for trial and appeal, to be determined by the court, which shall be taxed as part of his costs, as allowed in equitable actions.
Costs are taxable only pursuant to a statute or rule, Johnson v. Schneegold, *1378 419 So.2d 684 (Fla. 2d DCA 1982), and generally the taxation occurs at or following the final judgment. Lake Region Paradise Island, Inc. v. Graviss, 323 So.2d 610 (Fla. 2d DCA 1975); see also Data Lease Financial Corporation v. Blackhawk Heating & Plumbing Co., Inc., 384 So.2d 211 (Fla. 4th DCA 1980). Indeed, our supreme court has said that "costs may be adjudicated after final judgment, after the expiration of the appeal period, during the pendency of an appeal, and even after the appeal has been concluded." Roberts v. Askew, 260 So.2d 492, 494 (Fla. 1972). The sole caveat appended to the foregoing holding is that the "motion to tax costs should be made within a reasonable time after the appeal has been concluded." Id. Based upon the foregoing, it is our opinion the trial court was mistaken in concluding that NCN's proof in support of its claim to an attorney's fee had to occur during the trial of the merits.
A second significant consideration arises from the fact that entitlement to the statutory costs cannot be determined until such time as there is a "prevailing party." See Magee v. Bishop Signs, Inc., 458 So.2d 1174 (Fla. 4th DCA 1984). "The prevailing party is regarded as that party who has affirmative judgment rendered in his favor at the conclusion of the entire case." Sharpe v. Ceco Corporation, 242 So.2d 464, 465 (Fla. 3d DCA 1970). Thus, to require proof of the amount of fees claimed prior to final judgment imposes upon the parties to the litigation the burden of proving facts which are then only speculatively pertinent with the result that the ultimate nonprevailing party's proof is useless. An efficient expenditure of judicial and litigant time, money and effort contraindicates following that procedure.
Accordingly, that aspect of the final judgment denying NCN an attorney's fee is vacated and this matter is remanded to the trial court with direction that NCN, upon the filing of an appropriate motion, be afforded an opportunity to establish the amount of a reasonable attorney's fee to be determined in accordance with the criteria announced in Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985).
GRIMES, A.C.J., and SCHEB, J., concur.