504 So.2d 518 (1987)
XANADU OF COCOA BEACH, INC., Appellant,
v.
Randolph LENZ, Appellee.
No. 86-414.
District Court of Appeal of Florida, Fifth District.
March 26, 1987.
*519 Harry C. Greenfield of Wolfe, Kirschenbaum & Mosley, P.A., Cocoa Beach, for appellant.
William E. Weller of Rose & Weller, Cocoa Beach, for appellee.
PER CURIAM.
Xanadu of Cocoa Beach, Inc. (Xanadu), appeals a final judgment denying its claim for rent due and awarding defendant, Randolph Lenz, costs and attorney's fees. Xanadu challenges the lower court's denial of its motion for summary judgment, the admission of certain documentary evidence regarding appellee's purported ownership interest in the property, and the award of attorney's fees.
We affirm the trial court in total but discuss only the award of court costs which contains an item for attorney's fees under section 83.48, Florida Statutes (1983).
The rental agreement between the parties was executed on June 6, 1983. Section 83.48, Florida Statutes (1983), effective June 22, 1983,[1] provides:
Attorney's fees.  In any civil action brought to enforce the provisions of the rental agreement or this part, the party in whose favor a judgment or decree has been rendered may recover reasonable court costs, including attorney's fees, from the nonprevailing party.
Appellant argues that because an award of attorney's fees is a substantive right the trial judge improperly made a "retroactive" application of the 1983 statute to a pre-existing contract which constituted an unconstitutional impairment of the landlord's rights under the rental agreement.
An award of attorney's fees, as reimbursement to a litigant, has a definitely ambiguous and duplicitous or isotopic character or nature (a split personality) depending on how it is viewed. Whether provided by contract or by statute[2] an award of attorney's fees can be viewed as a freestanding substantive right (cause of action), or as a substantive right ancillary to another main substantive right (cause of action). On the other hand, when such an award is considered to be an item of court costs it is similar to reimbursement for other items of recoverable court costs (clerk's filing fees, sheriff's fees for service of process, court reporting fees, etc., see chapter 57, Florida Statutes), and can be viewed as only making whole and complete the cause of action to which they are appurtenant. In this light, the award is perceived as merely part of the remedy for the cause of action (substantive right) of which it is an adjunct and, as a remedy, procedural in nature.[3] These two views (substantive or procedural) as to the theoretical basis for an award of attorney's fees to a litigant lead to opposing views as to certain legal aspects of such an award.[4]
Of course, when a right to recover, or to not recover, attorney's fees (as damages or as costs) is provided by contract, such contractual right cannot be constitutionally impaired by subsequent legislation which attempts to restrict, expand, or eliminate that contractual right. When *520 that problem is presented a correct analysis compares the effective date of the statute with the date of the contract containing the provision for attorney's fees. However, for several reasons, we are not concerned with that problem in this case. First, in this case the statute, section 83.48, Florida Statutes, provides for the attorney's fees but we are not involved with a contractual provision relating to attorney's fees. Specifically, the rental agreement between the parties in this case did not provide that the tenant (appellee) could not recover attorney's fees. If it had, a subsequently enacted statutory provision authorizing an award of attorney's fees to the tenant would impair the prior contractual provision. Also, because the rental agreement between the parties contained no provision for or against attorney's fees it did not vest the landlord with substantive rights one way or the other as to attorney's fees, which vested rights might, for due process reasons, preclude the application of a later enacted statute that provided for attorney's fees. Furthermore, when, as here, attorney's fees are provided by statute as an item of costs, it is immaterial whether the underlying cause of action, as to which the court costs are appurtenant, is ex contractu or ex delicto. Court costs are not incidental to contracts but to causes of actions. When attorney's fees are an item of costs provided by statute, the relevant analysis does not compare the effective date of the statute providing for court costs with the date of the contract, if any, which may be the cause of action in the particular litigation, but compares the effective date of the statute providing for court costs with the date of the accrual of the cause of action in the litigation as to which the court costs, including attorney's fees, are an adjunct.[5] Section 83.48, Florida Statutes, which treats attorney's fees as an item of court costs, became effective June 22, 1983, long before the cause of action in this case accrued to the appellee tenant. Therefore, the statute is being applied prospectively,[6] not retrospectively, and appellee's award of attorney's fees as costs under the statute below is affirmed and his motion for attorney's fees on appeal is granted.
AFFIRMED.
COBB and COWART, JJ., and DANIEL, C.W., Associate Judge, concur.
NOTES
[1] Prior to the 1983 amendment, section 83.48, Florida Statutes (1981) provided for an award of attorney's fees to a tenant only when the rental agreement contained a provision allowing attorney's fees to the landlord.
[2] Attorney's fees are not ordinarily recoverable in the absence of a statute or enforceable contract providing therefor. Fleischman Distilling Corp. v. Maier Brewing Co., 386 U.S. 714, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1967).
[3] Of course, as is to be expected, there is a third view to the effect that there are not two proper views and that, however described, in substance, an award of attorney's fees to a litigant is a substantive right.
[4] There are significant substantive differences between an award of attorney's fees as an element of damages in a breach of contract case and attorney's fees as court costs. When the recovery of attorney's fees is pursuant to a contractual provision as damages in an action on the contract, the contractual provision must be alleged and proof as to reasonable attorney's fees must be presented by the party claiming them as part of his proof of damages in the case. See Mystery Fun House, Inc. v. Magic World, Inc., 417 So.2d 785 (Fla. 5th DCA 1982). However, when attorney's fees are recoverable as costs, such as here under section 83.48, Florida Statutes, or under section 713.29, Florida Statutes (which provides for attorney's fees to be taxed as part of costs to the prevailing party in a mechanic's lien case), attorney's fees may be taxed as costs in a motion which need be made only within a reasonable time after the appeal in the case has been concluded. See N.C.N. Electric, Inc. v. Leto, 498 So.2d 1377 (Fla.2d DCA 1986).
[5] Cf. L. Ross, Inc. v. R.W. Roberts Const. Co., 466 So.2d 1096 (Fla. 5th DCA 1985), approved, 481 So.2d 484 (Fla. 1986) (crucial date for determination of due process limitation on legislative power to retroactively change statutory obligation relating to award of attorney's fees as damages is the date of the accrual of the particular cause of action. After that date the legislature cannot, ex post facto, constitutionally change the obligation or penalty that results from the facts giving rise to the cause of action).
[6] The constitutional prohibition against ex post facto laws applies only to criminal or penal matters. Attorney's fees are not criminal or penal, at least to attorneys. Except for ex post facto laws and laws which by their retrospective nature impair the obligation of contract or contravene due process by adversely affecting vested rights, retrospective laws are not prohibited by constitution. Even when their application is viewed to operate retrospectively as to existing contracts, statutes awarding attorney's fees which are valid exercises of the power to prescribe court costs are generally upheld as valid. See Kossuth County v. Wallace, 60 Iowa 508, 15 N.W. 305 (1883); Lake Erie & W.R. Co. v. Walters, 13 Ind. App. 275, 41 N.E. 465 (1895); Perkins v. Stewart, 75 Minn. 21, 77 N.W. 434 (1898); Nye-Schneider-Fowler Co. v. Bridges, H. & Co., 98 Neb. 863, 155 N.W. 235 (1915); Germania F. Ins. Co. v. Bally, 19 Ariz. 580, 173 P. 1052, 1 A.L.R. 488 (1918); Murphy v. George Brown & Co., 91 N.J.L. 412, 103 A. 28 (1918); Reed v. American Bonding Co., 102 Neb. 113, 166 N.W. 196, (1918); Norman's Case, 278 Mass. 464, 180 N.E. 238, 82 A.L.R. 885 (1932); Butler's Case, 278 Mass. 218, 179 N.E. 690 (1932); Ahmed's Case, 278 Mass. 180, 179 N.E. 684, 79 A.L.R. 669 (1932); Spicer v. Benefit Assoc. R.E., 142 Or. 574, 21 P.2d 187, 90 A.L.R. 517 (1933); Hayman v. Morris, 37 N.Y.S.2d 884 (N.Y. Sup. Ct. 1942); Penrose v. Comm. Travelers Insurance Company, 75 Idaho 524, 275 P.2d 969 (1954); Cutter Flying Service, Inc. v. Straughan Chevrolet, Inc., 80 N.M. 646, 459 P.2d 350 (1969).