COBB, Judge.
Greiner Engineering Services, Inc., appeals an order granting a new trial to ap-pellees/defendants below, Commercial Center Development Corporation and The Market Place at Daytona, Inc., based on the trial court’s determination that the defendants were not provided with due process notice and an opportunity to be heard. The lack of opportunity came about when the defendants failed to appear at the trial, which resulted in a judgment for the plaintiff for $47,360.00, plus interest, costs and $6,187.50 in attorney’s fees pursuant to section 57.105, Florida Statutes (1985).
The trial court ruled incorrectly in ordering a new trial on the entire cause, since the defendants admitted all the points at issue in the trial by failing to respond to the plaintiff’s request for admissions. See Fla.R.Civ.P. 1.370(a). Those matters admitted are conclusively established for the *526 purposes of this action. Fla.R.Civ.P. 1.370(b).
The trial court’s award of attorney’s fees, however, was not pled prior to trial and was not included in the request for admissions.[1] The defendants had no notice of this unliquidated claim, and, thus, were denied their due process right to be heard. See Bowman v. Kingsland Development, Inc., 432 So.2d 660 (Fla. 5th DCA 1983). Accordingly, the trial court’s order granting a new trial is reversed, with the exception of the grant of a new trial on the issue of attorney’s fees.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED.
ORFINGER and COWART, JJ., concur.

. While it is better practice to plead attorney’s fees, a party is not required to plead them where they are allowed by statute. Ocala Music & Marine Center v. Caldwell, 389 So.2d 222 (Fla. 5th DCA 1980). See also Xanadu of Cocoa Beach, Inc. v. Lenz, 504 So.2d 518 (Fla. 5th DCA 1987).