970 So.2d 853 (2007)
Stan E. SCRUGGS, Willie Alexander Scruggs, and Alex Dane Scruggs, Appellants,
v.
D.W. SUTTON, Appellee.
No. 3D07-845.
District Court of Appeal of Florida, Third District.
November 14, 2007.
*854 Segredo & Weisz and Samuel C. Cozzo, for appellants.
Greenman & Manz and Franklin D. Greenman, Marathon, for appellee.
Before COPE and SALTER, JJ., and FLETCHER, Senior Judge.
COPE, J.
Stan E. Scruggs, Willie Alexander Scruggs, and Alex Dane Scruggs ("the Scruggs") appeal a judgment awarding attorney's fees to D.W. Sutton ("Sutton"). We conclude that the judgment must be reversed.
The Scruggs filed a second amended complaint for eviction and ejectment against Sutton. For the eviction count, the Scruggs requested attorney's fees under section 83.48, Florida Statutes (2004). Sutton answered the second amended complaint and filed a three-count counterclaim seeking to quiet title and impose a resulting trust or a constructive trust. Sutton only sought attorney's fees for count II of his counterclaim, seeking a resulting trust. After a non-jury trial, the trial court entered final judgment establishing a resulting or constructive trust in Sutton's favor. The judgment was appealed and affirmed by this Court. See Scruggs v. Sutton, 932 So.2d 206 (Fla. 3d DCA 2006) (table).
Sutton filed his motion for attorney's fees asserting that he was the prevailing party under section 83.48. The Scruggs opposed the motion because Sutton never pled a claim for attorney's fees except in the prayer for relief in count II of his counterclaim seeking a resulting trust. The trial court granted Sutton's motion for attorney's fees finding that attorney's fees are defined as costs in section 83.48 and a prevailing party under the statute is entitled to costs without pleading entitlement thereto. The Scruggs have appealed.
"A party seeking attorney's fees pursuant to statute or contract must plead entitlement to such fees." Stockman v. Downs, 573 So.2d 835, 838 (Fla.1991). Sutton concedes that he did not plead entitlement to attorney's fees in his answer and affirmative defenses in response to the Scruggs' complaint. Sutton argued, however, that he was the prevailing party because he successfully defended the eviction action, and that, as the prevailing party, he was entitled to costs. He pointed out that under section 83.48, Florida Statutes, "the party in whose favor a judgment or decree has been rendered may recover reasonable court costs, including attorney's fees, from the nonprevailing party." The trial court accepted this argument, ruling that "[t]he language of the statute includes attorneys fees as costs, not as a separate entitlement. Therefore, if the Court exercises its discretion to award costs to the prevailing party under a statute that treats attorneys fees as costs, that award includes attorneys fees as a part of the costs awarded." (Citation omitted).
We respectfully disagree with that analysis. The Stockman decision mandates that an attorney's fee claim be pled. 573 So.2d at 837-38. The Stockman court stated that it was recognizing one exception to that rule, and the exception has no application to the case now before us. Id. As we interpret Stockman, the claim must *855 be pled, even if the applicable statute treats attorney's fees as costs.
The trial court also pointed out that Sutton requested attorney's fees in count II of his counterclaim, thus putting the Scruggs on notice of Sutton's request for attorney's fees. That request, however, was contained in the counterclaim seeking a resulting trust. Attorney's fees are not recoverable in an action for a resulting trust. Hiestand v. Geier, 396 So.2d 744 (Fla. 3d DCA 1981); See also Price v. Tyler, 890 So.2d 246 (Fla.2004) (absent an independent statutory or contractual basis, attorney's fees are not recoverable in declaratory relief or quiet title actions). The fact that Sutton requested fees in his count for a resulting trust is insufficient to support an award of fees under section 83.48 for defeating the eviction action.
For the stated reasons, we reverse attorney's fees judgment and remand with directions to enter judgment for the Scruggs on the motion for attorney's fees.