35 So.3d 1008 (2010)
Waltraut GACCIONE, Appellant,
v.
Robert L. DAMIANO and 5685 A1A, LLC., Appellees.
No. 5D08-3438.
District Court of Appeal of Florida, Fifth District.
May 28, 2010.
*1009 Allan P. Whitehead of Frese, Hansen, Anderson, Anderson, Heuston & Whitehead, P.A., Melbourne, for Appellant.
Anthony Mechachonis of Balgo & Mechachonis, P.A., Melbourne, for Appellees.
TORPY, J.
The sole point of contention here is the entitlement to attorney's fees to Appellant, who prevailed in a breach of contract action. Appellant claimed fees under two theories, one contractual and the other statutory. The trial court concluded that Appellant was not entitled to fees under either theory. We affirm the trial court as to contractual entitlement, but reverse as to statutory entitlement.[1]
*1010 Appellant sold a residence to Appellee and then leased it back after closing under a written residential lease agreement. Appellee breached the lease agreement, and Appellant sued for damages. After a non-jury trial, the lower court entered a judgment in favor of Appellant. The judgment awarded damages, determined that Appellant was the prevailing party for purposes of costs and reserved jurisdiction to determine entitlement to attorney's fees.
Appellant filed a motion seeking a determination of her entitlement to attorney's fees and costs.[2] She claimed fees based on a provision in the sale agreement and pursuant to section 83.48, Florida Statutes (2007). After a hearing, the trial court entered an order denying attorney's fees but reserving jurisdiction to award costs. The trial court concluded that because the written lease agreement was silent on the issue of fees, no fees could be awarded under either theory. We affirm the trial court's determination based on Appellant's contractual theory without further discussion. We reverse as to Appellant's statutory theory, however, because the statute affords an independent basis for fees that is not dependent upon the existence of a contractual provision. Xanadu of Cocoa Beach, Inc. v. Lenz, 504 So.2d 518 (Fla. 5th DCA 1987).
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
JACOBUS, J., concurs.
GRIFFIN, J., dissents with opinion.
GRIFFIN, J., dissenting.
I respectfully dissent because I conclude that we lack jurisdiction to review the order denying attorney's fees to Gaccione under section 83.48, Florida Statutes.
Gaccione filed suit for breach of a residential lease agreement and prevailed. During the hearing that resulted in the appealed order, Gaccione asserted two theories for entitlement to recover attorney's fees: a separate purchase and sale contract between the parties and section 83.48, Florida Statutes. Section 83.48, which is part of the chapter dealing with landlord/tenant issues, is one of a handful of Florida statutes that authorizes the recovery of a reasonable attorney's fee to the prevailing party as an element of costs:
In any civil action brought to enforce the provisions of the rental agreement or this part, the party in whose favor a judgment or decree has been rendered may recover reasonable court costs, including attorney's fees, from the nonprevailing party.
The appealed order, entitled "Order Denying Motion to Determine Attorneys' Fees" rejects the claim for fees under either ground and says:
"The Plaintiff's Motion to Determine Entitlement to Attorney's Fees and Costs be and the same is hereby denied as to attorney's fees, the Court reserving ruling as to Court Costs pending further proceedings in this case."
In my view, this order is interlocutory as to the claim for fees under section 83.48 because the fees are considered part of costs. The decision by the trial court not to award attorney's fees pursuant to section 83.48 is not reviewable until the court properly enters a cost order. Appellate review of an order on a claim for fees as an element of costs is no more viable than *1011 would be an order deciding entitlement to a single witness fee, travel expense, photocopy charge or deposition transcript. When all the costs have been determined by entry of a single final costs order, that order is reviewable, but individual orders disposing of discrete items of claimed costs are not subject to piecemeal review.
The majority seems to suggest that attorney's fees awardable as a taxable cost pursuant to statute are not really a taxable cost. However, Xanadu of Cocoa Beach, Inc. v. Lenz, 504 So.2d 518 (Fla. 5th DCA 1987), the very case on which the majority relies for the principle that section 83.48, Florida Statutes, authorizes recovery of Gaccione's attorney's fees even though he did not plead a claim for fees under the statute, is premised on the fact that it is a cost. The court explained that an attorney's fee awardable as a taxable cost is in the nature of reimbursement, not a substantive right. This court said:
Whether provided by contract or by statute an award of attorney's fees can be viewed as a free-standing substantive right (cause of action), or as a substantive right ancillary to another main substantive right (cause of action). On the other hand, when such an award is considered to be an item of court costs it is similar to reimbursement for other items of recoverable court costs (clerk's filing fees, sheriff's fees for service of process, court reporting fees, etc.), see chapter 57, Florida Statutes, and can be viewed as only making whole and complete the cause of action to which they are appurtenant. In this light, the award is perceived as merely part of the remedy for the cause of action (substantive right) of which it is an adjunct and, as a remedy, procedural in nature.
Id. at 519 (footnote omitted). We also said:
There are significant substantive differences between an award of attorney's fees as an element of damages in a breach of contract case and attorney's fees as court costs. When recovery of attorney's fees is pursuant to a contractual provision as damages in an action on the contract, the contractual provision must be alleged and proof as to reasonable attorney's fees must be presented by the party claiming them as part of his proof of damages in the case. See Mystery Fun House, Inc. v. Magic World, Inc., 417 So.2d 785 (Fla. 5th DCA 1982). However, when attorney's fees are recoverable as costs, such as here under section 83.48, Florida Statutes, or under section 713.29, Florida Statutes (which provides for attorney's fees to be taxed as part of costs to the prevailing party in a mechanic's lien case), attorney's fees may be taxed as costs in a motion which need be made only within a reasonable time after the appeal in the case has been concluded. See N.C.N. Electric, Inc. v. Leto, 498 So.2d 1377 (Fla. 2d DCA 1986).
Id. at 519-20, n. 4.
Other courts have made note of the significance of the classification of a statutory attorney fee as a cost. See City of Hallandale v. Chatlos, 236 So.2d 761 (Fla.1970); Allen v. Dutton, 384 So.2d 171 (Fla. 5th DCA 1980). Classification of fees as a cost affects when and how it has to be claimed and when and how it is to be reviewed. The fact that the judge is not going to change his mind about the ruling on the section 83.48 fee claim does not make it final. What makes it final is inclusion of the ruling on this element of costs in a costs order. Because this claim for fees is an element of costs, the denial has to be reviewed, along with all the other costs, after a costs order has been entered.
*1012 The majority decision to hear and resolve the appeal of the claim under section 83.48 may seem expedient, but I have no doubt that it will have consequences beyond this case. The effect of the majority opinion is that such order on a statutory fee claim that allows a fee as a cost is final and not only may, but must be appealed immediately. Unfortunately, the next case might well involve someone who finds themselves with an untimely appeal because they relied on the statutory classification of the fee as a cost and foolishly waited to take the appeal from the costs order.
NOTES
[1] Appellee contends that we lack jurisdiction to address that aspect of the order denying fees under the statute because the court reserved jurisdiction to determine the amount of costs. Because section 83.48, Florida Statutes, arguably treats fees as costs, Appellee contends that the order is not final until the trial court sets the amount of costs. We disagree. Where, as here, an order entered after a final order is "dispositive of any question," it becomes a final, appealable order. Caufield v. Cantele, 837 So.2d 371, 375 (Fla.2002) (emphasis added). We think entitlement to attorney's fees presents a distinct question from taxable costs, irrespective of how it is labeled in the statute. See Scruggs v. Sutton, 970 So.2d 853, 854 (Fla. 3d DCA 2007) (litigant must plead for fees under section 83.48 even though labeled costs). Even if the order is not final as to entitlement to fees under the statute, it is an appealable non-final order entered after a final order. Reliable Reprographics Blueprint & Supply, Inc. v. Fla. Mango Office Park, Inc., 645 So.2d 1040, 1042 (Fla. 4th DCA 1994). We previously attempted to make moot this issue by relinquishment of jurisdiction to the trial court for a period of sixty days. Unfortunately, the trial court did not enter a subsequent order during the period of relinquishment and no request to enlarge that period was ever received.
[2] Entitlement to costs had already been expressly determined in the judgment so this aspect of the motion was unnecessary and the order was redundant on this point.