PER CURIAM.
Anita A. Wood, a plaintiff below, appeals from a final judgment for the defendant below, The Equitable Life Assurance Society of the United States. She suffered a directed verdict on her prayer for punitive damages from this defendant and an adverse jury verdict on her claim under a certificate issued to her deceased husband, Henry Wood, pursuant to a group life insurance policy issued by the defendant to his (Wood’s) employer.
She presents four points for reversal on this appeal. The first three are directed to the action of the trial judge in refusing to instruct the jury (1) on the legal definition of “total disability” as used in the master (group) policy; (2) on her requested charge concerning when the insured’s employment terminated under the group policy and (3) that ambiguities in the insurance contract are to be resolved against the insurer. Her fourth point is that the trial judge committed reversible error in directing a verdict on the issue of punitive damages.
We have reviewed the pleadings and minutes of the pre-trial conference and it appears that the essential issues submitted to the jury for determination were (1) whether the insured, Henry Wood, was “totally disabled” within the meaning of the policy and, if so (2) whether his death occurred within the extended death benefit period.
With these essential jury issues in mind, we have reviewed the entire charges given to the jury by the trial judge. Admittedly, they are not as complete and do not spotlight certain points of law as fully as plaintiff requested; or might have desired.
On April 19, 1967, the Supreme Court of Florida, by its opinion, approved the Standard Jury Instructions submitted by its proper committee. In re Standard Jury Instructions, Fla. 1967, 198 So.2d 319.
The Supreme Court Committee has stated that its purpose in preparing the Standard Jury Instructions was to
“ * * * express the applicable issues and guiding legal principles briefly and in simple, understandable language, without argument, without unnecessary repetition and without reliance on negative charges.” (P. XVIII)
It also stated:
“And the Committee became satisfied also that the benefits of elaborating upon, paraphrasing and particularizing the general definition of negligence, by the use of other language found in abundance in appellate court opinions, treatises and texts, are not worth the price paid in lengthening and complicating the charge.” (P. XIX)
* * *
“The Committee felt generally that more jurors are dazzled than are enlightened by charges that assemble all the expressions in legal language on the subject of causation: * * *” (p, XX)

These statements refer specifically to negligence and causation but they are equally applicable to all civil cases, in our opinion.
In 12 Florida Law and Practice, Instructions § 21, it is stated that:
* * *
“Attorneys may insist dogmatically on the giving of the charges which they have requested, without reference to what the court has already told the jury about the law of the case, but it is axiomatic that a.trial judge will not be held in error for his refusal to give a requested instruction already adequately and accurately covered in the general charge. * * * ” Id. at P. 564]
With these principles in mind we find that the trial judge’s instructions were prop *79 er on the issues submitted to the jury for determination.
The plaintiffs claim that reversible error was committed by the trial judge in directing a verdict for the defendant on the issue of punitive damages is moot. When plaintiff failed to recover any compensatory damages from the defendant in its trial below, the trial court could not have allowed the jury to award punitive damages. See Le Jeune Road Hospital, Incorporated v. Watson, Fla.App.1965, 171 So.2d 202; Hutchinson v. Lott, Fla.App.1959, 110 So.2d 442; and Fowlkes v. Sinnamon, Fla. App.1957, 97 So.2d 626.
The judgment herein appealed is
Affirmed.