MELVIN, WOODROW M., Associate Judge.
We review the timely appeal by the plaintiff from a final order vacating an award of punitive damage to her in an action of assault and battery upon her person by the Defendant — Henrietta P. Glass.
The plaintiff had been employed as a seamstress by the defendant. The record supports the plaintiff’s contention that, when the work had been completed, the defendant argued about the price, became angry, rude, and abusive, and assaulted the plaintiff by stomping her feet and kicking her ankle. Plaintiff’s injuries required medical attention. Plaintiff filed suit for *321 value of work performed and for assault and battery. The defendant counterclaimed for assault and battery and false imprisonment.
The court directed a verdict for the plaintiff on the false imprisonment claim.
The jury returned a verdict for the plaintiff for value of work performed and also on the assault and battery count, awarding compensatory and punitive damages.
The court entered its order setting aside the award of punitive damages, it being the view of the court that no malice had been shown.
The very act of intentional assault and battery committed without legal justification supplies the proof of malice. Bryson v. Swank, Fla.App.1964, 166 So.2d 833. Anderson v. Maddox, Fla.1963, 65 So.2d 299, 301.
In Wrains v. Rose, Fla.App.1965, 175 So.2d 75, 79, the court held,
“ * * * [Pjunitive damages are peculiarly within the discretion of the jury as to the degree of punishment to be inflicted, dependent upon the circumstances of each case as well as upon the ‘degree of malice, wantonness, oppression, or outrage found by the jury from the evidence.’ * * * ”
The jury finding of malice in this case is supported not only by the evidence relating to defendant’s belligerent conduct, but also by the rule of law applicable to intentional assault and battery.
The trial court erred in vacating the verdict as to punitive damages. The court did not commit error in directing verdicts on defendant’s counterclaim.
Reversed with direction to reinstate the verdict as rendered by the jury and enter judgment thereon.
WALDEN, C. J., and CROSS, J., concur.