245 So.2d 291 (1971)
JOAB, INC., a Florida Corporation, Appellant,
v.
Sara THRALL, Appellee.
No. 70-604.
District Court of Appeal of Florida, Third District.
March 16, 1971.
Dixon, Bradford, Williams, McKay & Kimbrell and James F. Crowder, Jr., Miami, for appellant.
Earle V. Rifas and Gaylen Rifas, Miami, for appellee.
Before BARKDULL, HENDRY and SWANN, JJ.
SWANN, Judge.
Sara Thrall recovered a jury verdict and final judgment in a suit for assault and battery against Russell Kuntzman, individually, and his employer, Joab, Inc. She was awarded certain compensatory damages *292 from each defendant, zero dollars as punitive damages from the employee, Kuntzman, and $5,000 as punitive damages from his employer. The employer, Joab, has appealed.
Appellant's position, as stated in its reply brief, is that "under the peculiar circumstances of this case where the employee was joined as a defendant and where the employee's acts in light of his individual liability to the plaintiff for punitive damages was considered by the jury, the jury's award of zero punitive damages is a determination that his acts were not malicious or wanton, in fact, and the consequent vicarious award of punitive damages against the employer is improper." For this proposition appellant relies upon Kiser v. Neumann Company Contractors, Inc., Ky.App. 1968, 426 S.W.2d 935; and American Fidelity and Casualty Co. v. Farmer, 77 Ga. App. 166, 48 S.E.2d 122 (1948).
In Kiser the jury, in an assault and battery trial, returned a verdict for the plaintiff Kiser. It awarded him $2,500 as compensation damages from Brownfield, the employee, and $2,500 as punitive damages from the employer Neumann. No compensatory damages were awarded against the employer and the trial court set aside the award of punitive damages against the employer. The appellate court said that "By returning a verdict against Brownfield [the employee] for compensatory damages alone the jury exonerated him of punitive damages." Cf. Wood v. Equitable Life Assur. Soc. of United States, Fla.App. 1968, 212 So.2d 77. In the case at bar the jury returned a verdict against the employee and the employer for compensatory damages thereby distinguishing this appeal from Kiser.
The American Fidelity case, supra, involved a claim by the plaintiff for compensatory and punitive damages against a trucking company and its insurance carrier for damages allegedly sustained when an employee of the trucking company drove a truck into the rear of plaintiff's wagon and team. The trial court refused to submit the case to the jury on the question of punitive damages. American clearly involved a negligent act of an employee while the case, sub judice, involves a finding by a jury of an intentional tort performed maliciously by a servant or agent of an innkeeper in the course of his employment. Cf. Baynard v. Liberman, Fla.App. 1962, 139 So.2d 485.
Appellee relies on Tietjens v. General Motors Corporation, Mo. 1967, 418 S.W.2d 75.
The Tietjens case concerned a suit for fraud by a plaintiff against a corporation and its agents. The jury returned a verdict in favor of the plaintiff and assessed compensatory damages against both defendants for $15,000.00, and punitive damages only against the corporation for $5,000.00. The Court's opinion stated:
"We have consistently sustained the award of punitive damages against a corporate defendant (private corporation) for the wrongful act of its servant or agent in the course or line of his employment when the evidence shows such wrongful act was done wilfully, wantonly or maliciously. * * * And numerous cases show that it is not necessary to sue the agent and principal and recover punitive damages against the agent in order to sustain in award of punitive damages against the corporate principal. * * * Appellants appear to argue without authority that punitive damages can be awarded against a corporate principal only where they are awarded against the agent but, contrary to this argument, the conditions necessary to an award of punitive damages are simply an award of actual damages against a party, * * * and the further finding that the actual damages were occasioned by wilful, wanton or malicious conduct." [Emphasis added]
Appellant replies that Tietjens does not apply because one of the employees involved in that suit for fraud against General *293 Motors died before the case came to trial and the other employee or agent was dismissed at the close of plaintiff's case. We think Tietjens supplies the proper answer to this question. This view is supported by 22 Am.Jur.2d Damages § 257, wherein it is said:
* * * * * *
"While there are a few early cases holding that the principal or master is never liable for exemplary damages, it is now generally conceded by all courts which permit the recovery of such damages that liability for exemplary or punitive damages may be imposed upon an employer for acts of his agents or servants when those acts are of a character to warrant the imposition of such damages. This principle applies both to natural persons and to corporations in the capacities of master or principal."
* * * * * *
and in the same text at § 260 it reports:
* * * * * *
"It is necessary, of course, in order to render a corporation liable in any case for punitive damages for an injury occasioned by the act of its officer or agent, that that act be characterized by fraud, malice, gross negligence, or oppression on the part of the officer or agent."
* * * * * *
In Florida it is clear that an act of intentional assault and battery committed without legal justification supplies proof of malice. Holland v. Glass, Fla.App. 1968, 213 So.2d 320; and Wrains v. Rose, Fla. App. 1965, 175 So.2d 75.
See also Winn & Lovett Grocery Co. v. Archer, 126 Fla. 308, 171 So. 214 (1936).
The allowance of punitive damages is discretionary with a jury and the fixing of the amount is peculiarly within its province. Florida East Coast Ry. Co. v. McRoberts, 111 Fla. 278, 149 So. 631 (1933); and Florida East Coast Ry. Co. v. Morgan, Fla.App. 1968, 213 So.2d 632.
In awarding punitive damages the jury may properly punish each wrongdoer by exacting from his pocketbook a sum of money which, according to his financial ability, will hurt, but not bankrupt; and the verdict shall state separately the amount of punitive damages. Lehman v. Spencer Ladd's, Inc., Fla. 1966, 182 So.2d 402; and Rule 1.481, R.C.P., 30 F.S.A.
Here, there was evidence that Joab has a substantial net worth and the employee, Kuntzman, had only a weekly salary. The jury could have properly found that an award of punitive damages would have caused bankruptcy to the employee Kuntzman and awarded zero dollars, but could have also found that an award of $5,000 as punitive damages from the corporate employer would properly and effectively punish it.
The final judgment is, therefore,
Affirmed.