334 So.2d 180 (1976)
STATE FARM AND CASUALTY COMPANY, Appellant,
v.
Zigmas SAURAZAS, Appellee.
No. 75-790.
District Court of Appeal of Florida, Fourth District.
May 14, 1976.
Rehearing Denied July 12, 1976.
Martin J. Sperry, Carey, Dwyer, Austin, Cole & Selwood, P.A., Fort Lauderdale, for appellant.
Angeline G. Weir, Hollywood, for appellee.
PER CURIAM.
In this appeal State Farm and Casualty Company, appellant, alleges the trial court erred as a matter of law in entering summary judgment in favor of the appellee, Zigmas Saurazas. We agree and reverse with directions to enter summary judgment in favor of the appellant-defendant.
The record reflects the absence of any disputed facts. Appellant had issued a policy of insurance to appellee providing coverage for bodily and personal injury and property damage liability. One Snyder filed suit against appellee claiming that while on the premises of appellee he suffered bodily injuries alleged to have been inflicted by the appellee. Count One of Snyder's complaint alleged the tort of assault *181 and battery seeking compensatory and punitive damages and Count Two alleged negligence on the part of the appellee. The appellant, pursuant to a reservation of rights, defended appellee; a directed verdict was granted for appellee on the issue of negligence but denied on the issue of assault and battery. The latter issue went to the jury which returned a verdict against appellee and in favor of Snyder for compensatory damages but denying Snyder any punitive damages.
It is clear from a reading of the policy in question that coverage did not include intentional torts. When the issue of coverage was heard subsequent to the entry of judgment in favor of Snyder the trial court entered summary judgment in favor of the appellee concluding, in effect, that the appellee's act (of assault and battery) was not an intentional act. It is our view that this issue was resolved by the jury in the suit between Snyder and appellee and that the trial court was thereafter precluded on the doctrine of collateral estoppel from re-litigating an issue actually adjudicated in the prior litigation. Cf. Seaboard Coast L.R. Co. v. Industrial Contracting Co., 260 So.2d 860 (Fla.App. 4th 1972). The only issue before the jury in the proceedings between Snyder and appellee was Count One of Snyder's complaint relating to assault and battery which is considered an intentional tort, McDonald v. Ford, 223 So.2d 553 (Fla. App.2d 1969), and the jury was so charged on this issue. The fact that the jury awarded Snyder compensatory damages only and did not award punitive damages does not prevent assault and battery from constituting an intentional tort. See Wrains v. Rose, 175 So.2d 75 (Fla.App.2d 1965); Holland v. Glass, 213 So.2d 320 (Fla.App.4th 1968); see also Joab, Inc. v. Thrall, 245 So.2d 291 (Fla.App.3d 1971).
Therefore, an intentional tort of assault and battery being the only issue submitted to and resolved by the jury for which appellant's policy of insurance did not provide coverage, it was error to enter summary judgment in favor of appellee. Accordingly, the summary final judgment entered in favor of appellee is vacated and set aside and the cause remanded to the trial court with the respectful direction to enter summary judgment in favor of the appellant.
REVERSED AND REMANDED.
CROSS and MAGER, JJ., and KEOUGH, LAWRENCE E., Associate Judge, concur.