434 So.2d 25 (1983)
C. Robert CUSICK, As Trustee, L. Ronald Capozzoli, Individually, and Richard Vazza, Individually, Appellants,
v.
CONDOMINIUM MARKETING CONSULTANTS, INC., a Florida Corporation; Alicia Cervera, Individually, and Jean Inman, Individually, Appellees.
No. 82-2265.
District Court of Appeal of Florida, Third District.
July 5, 1983.
*26 Smith & Mandler and Patricia M. Silver, Miami Beach, for appellants.
Goldstein & Tanen and Richard M. Goldstein, Miami, for appellees.
Before SCHWARTZ, C.J., and BARKDULL and NESBITT, JJ.
NESBITT, Judge.
C. Robert Cusick purchased real estate as assignee of the contract of sale. He appeals an order granting summary final judgment in the amount of $250,000 plus interest in favor of Condominium Marketing Consultants, Inc. and its owners (CMC), in CMC's suit for brokerage commission due. CMC cross-appeals an order denying its motion for attorneys' fees under Section 57.105, Florida Statutes (1981).
The Assignment of Agreement of Purchase and Sale provided:
The Assignee [Cusick] does hereby accept this Assignment pursuant to all of the terms and conditions set forth in the Purchase Agreement and assumes all of the obligations and agrees to be bound by and to comply with all of the terms and conditions set forth therein to the same extent as if the Assignee had originally executed the Purchase Agreement as Purchaser.
The original Purchase Agreement in unambiguous terms rendered the purchaser liable to CMC for "all real estate brokerage commissions which may be owing... ."
It is undisputed that Cusick knew his assignor had agreed to pay CMC a $250,000 brokerage commission. Cusick's defense to CMC's suit was that although he had knowledge of the brokerage commission agreement, he never adopted or expressly assumed the obligations of that particular agreement. This defense is, as a matter of law, unavailing, Fiberchem, Inc. v. General Plastics Corp., 495 F.2d 737 (9th Cir.1974) (an assignee with knowledge of the equities of a third party against the assigned right takes his claim subject to those equities); see also Shreve Land Company, Inc. v. J & D Financial Corp., 421 So.2d 722, 724 (Fla.3d DCA 1982) (an assignee succeeds to his assignor's rights under the assignment of a contract and takes it with all the burdens to which it is subject in the hands of the assignor), but is not so devoid of merit as to constitute a frivolous defense justifying the award of attorneys' fees pursuant to Section 57.105. See the discussion in Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501 (Fla. 1982). Consequently, both orders under review must be affirmed.
Affirmed.