PER CURIAM.
This is an appeal by a plaintiff real estate broker from a final order awarding attorney’s fees to the defendant seller in an action to collect a real estate broker’s commission. The award was made pursuant to Section 57.105, Florida Statutes (1985). We reverse based on the following briefly stated legal analysis.
Although the defendant seller, Joseph Friedes, secured a judgment on the pleadings in the action below, which judgment was subsequently affirmed on appeal by this court, Keyes Co. v. Friedes, 478 So.2d 518 (Fla. 3d DCA 1985), we cannot say that “there was a complete absence of a justicia-ble issue of law or fact raised by the losing party” so as to justify an award of attorney’s fees in this case. § 57.105, Fla.Stat. (1985). The plaintiff broker, Keyes Company, had a colorable, non-frivolous claim for a brokerage commission under its oral listing agreement with the defendant based on the latter’s alleged inexcusable refusal to close on the sale of the subject property after the plaintiff had fully performed under the listing agreement. It was urged that the written modification of this oral listing agreement requiring a closing as a pre-condition to payment of a brokerage commission, when read in conjunction with another provision in the contract between the proposed buyer and the defendant containing the modification, was inapplicable when the defendant, as here, unjustifiably refused to close. Although this construction of the parties’ agreement was ultimately rejected, we cannot say that the argument in favor of such a construction was frivolous based on the exacting standards established by Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501 (Fla.1982), for attorney’s fees awards under Section 57.105, Florida Statutes (1985). See Fireman’s Fund Insurance Co.'s v. Rojas, 447 So.2d 1023, 1023 (Fla. 3d DCA 1984); Cusick v. Condominium Marketing Consultants, Inc., 434 So.2d 25, 26 (Fla. 3d DCA), pet. for review dismissed, 436 So.2d 98 (Fla.1983); Allen v. Estate of Dutton, 384 So.2d 171, 175 (Fla. 5th DCA), pet. for review denied, 392 So.2d 1373 (Fla.1980).
For the above reasons, the final order awarding attorney’s fees under review is *917 reversed and the cause is remanded to the trial court with directions to enter an order denying the subject motion for attorney’s fees filed herein.
Reversed and remanded.