508 So.2d 1282 (1987)
CIAMAR MARCY, INC., a Dissolved Delaware Corporation and Julio Del Rey, Individually and As Shareholder and Director of Ciamar Marcy, Inc., Appellants,
v.
Renato M. MONTEIRO DA COSTA, Appellee.
No. 86-1202.
District Court of Appeal of Florida, Third District.
June 9, 1987.
Rehearing Denied July 20, 1987.
*1283 Barone & Feliu and Nathaniel Barone, South Miami, for appellants.
Bunnell, Denman & Woulfe and Melanie G. May, Kenneth S. Dobkin, Fort Lauderdale, for appellee.
Before BARKDULL, HUBBART and DANIEL S. PEARSON, JJ.
PER CURIAM.
This is an appeal by the defendants [Ciamar Marcy, Inc. and Julio Del Rey] from an adverse final judgment entered in favor of the plaintiff [Renato M. Monteiro Da Costa] after a non-jury trial in an action sounding in: (1) wrongful repossession of a vessel under a lease agreement, and (2) conversion of certain personal property. For the reasons stated below, we affirm in part and reverse in part.
At the outset, we see no merit in the defendant's first three points on appeal. There has been no error shown in (a) the trial court's narrowing of the issues to be tried in this non-jury trial which was made during the course of the parties' opening statements, see Grapeland Heights Civic Ass'n v. City of Miami, 267 So.2d 321, 322 (Fla. 1972); Roberts v. Braynon, 90 So.2d 623, 626-27 (Fla. 1956); Hillsborough County v. Sutton, 150 Fla. 601, 8 So.2d 401, 402 (1942); Edenfield v. Crisp, 186 So.2d 545, 549 (Fla. 2d DCA 1966); (b) the finding of wrongful repossession of the subject vessel by the defendants, see Quest v. Barnett Bank of Pensacola, 397 So.2d 1020, 1023-24 (Fla. 1st DCA 1981); Eglin Fed. Credit Union v. Curfman, 386 So.2d 860 (Fla. 1st DCA 1980); Ford Motor Credit Corp. v. Waters, 273 So.2d 96, 99 (Fla. 3d DCA 1973); and (c) the $10,000 compensatory damage award for the conversion of the plaintiff's personal property sued upon below. See Heintzelman's Truck Center, Inc. v. Gibson, 409 So.2d 1060 (Fla. 5th DCA), pet. for review denied, 419 So.2d 1197, 1198 (Fla. 1982); Doral Country Club, Inc. v. Lindgren Plumbing Co., 175 So.2d 570 (Fla. 3d DCA), cert. denied, 179 So.2d 212 (Fla. 1965).
The defendant's point on appeal concerning the propriety of the $10,000 punitive damages award also has no merit. We reach this result based on the following briefly stated legal analysis.
First, the rule in Florida appears to be that punitive damages are always recoverable in intentional tort cases where malice is one of the essential elements of the tort. The underlying rationale for this rule is that the proof of malice required to make out the cause of action is also sufficient evidence of malice on the part of the defendant to permit the jury to award punitive damages as punishment. See, e.g., City of Hollywood v. Coley, 258 So.2d 828 (Fla. 4th DCA 1971) (false arrest and malicious prosecution); Joab, Inc. v. Thrall, 245 So.2d 291 (Fla. 3d DCA 1971) (assault and battery); Holland v. Glass, 213 So.2d 320 (Fla. 4th DCA 1968) (assault and battery); Wrains v. Rose, 175 So.2d 75 (Fla. 2d DCA 1965) (false arrest and malicious prosecution).
Second, the intentional tort of conversion, which we deal with in the instant case, does not contain malice as one of its essential elements, as the tort may be established upon a showing of the taking *1284 by the defendant of personal property belonging to the plaintiff upon a mistaken belief as to the legal right of the defendant to the converted property. This being so, the rule in conversion cases is that punitive damages are not ordinarily recoverable where the evidence shows that the taking was accomplished under a mistaken belief that the defendant had a legal right to the property. General Finance Corp. of Jacksonville v. Sexton, 155 So.2d 159 (Fla. 1st DCA 1963). An exception to this rule is recognized, however, where there is some evidence in the record of actual malice or reckless disregard of the plaintiff's rights by the defendant in asserting dominion over the plaintiff's property  as this proof places the case squarely under the intentional tort-malice rule in which punitive damages are recoverable. Buie v. Barnett First Nat'l Bank of Jacksonville, 266 So.2d 657 (Fla. 1972) (repossessor with knowledge that debtor not really in default made jury question as to punitive damages); Medel v. Republic Nat'l Bank of Miami, 365 So.2d 782 (Fla. 3d DCA 1978) (summary judgment for defendant on punitive damages reversed), cert. denied, 376 So.2d 75 (Fla. 1979); Bank of Miami v. Tambourine, 218 So.2d 507 (Fla. 3d DCA 1969) (boat repossession similar to the instant case; evidence sufficient to support jury verdict on punitive damages).
Third, there is more than sufficient evidence in this record that the taking of the plaintiff's vessel and the personal property aboard the vessel was accomplished by the defendant Del Ray with reckless disregard for the plaintiff's rights. The evidence discloses that the defendant failed to make the slightest inquiry which would have shown that the payments under the subject boat mortgage had been made by the plaintiff and that the mortgage was not in default; moreover, there was no legal basis whatever for the seizure of the plaintiff's personal property aboard the vessel. An award of punitive damages for this reckless conversion of the plaintiff's personal property was therefore permissible on this record.
We do, however, find merit in the defendant's claim that the trial court erred in awarding attorney's fees for the plaintiff under Section 57.105, Florida Statutes (1985). The fact that we have concluded that the defendants misconceived the limits of self-help and wrongfully seized the leased vessel and some of the plaintiff's personal belongings does not mean, as urged by the plaintiff, that their position on the distinct issue of malice or reckless disregard was frivolous. See Builders Shoring and Scaffolding v. King, 453 So.2d 534 (Fla. 5th DCA 1984); cf. Golden Eagle Distributing Corp. v. Burroughs Corp., 801 F.2d 1531 (9th Cir.1986) (under Federal Rule of Civil Procedure 11, the fact that one of several arguments is unmeritorious does not warrant imposition of sanctions). This is not a case where, as required for an award of attorney's fees under Section 57.105, Florida Statutes (1985), there is a complete absence of a justiciable issue of law or fact. Eckhoff v. Revlon, Inc., 414 So.2d 1152 (Fla. 3d DCA 1982); see Sachs v. Hoglund, 397 So.2d 447 (Fla. 3d DCA 1981) (statute requires that party raise issues which in their entirety completely lack justiciability and are, in fact, frivolous); T.I.E. Communications, Inc. v. Toyota Motors Center, Inc., 391 So.2d 697 (Fla. 3d DCA 1980) (appeal not frivolous where substantial justiciable question can be discerned from any part of it, even though likely to be decided against proponent). Indeed, as our opinion itself reveals, the defendants' resistance to the plaintiff's claim for punitive damages  although now declared to be devoid of merit  was, at the least, arguable both factually and legally. See Cusick v. Condominium Marketing Consultants, Inc., 434 So.2d 25 (Fla. 3d DCA 1983).
The final judgment under review is affirmed in all respects, except that the award of attorney's fees for the plaintiff is reversed.
Affirmed in part, reversed in part.