521 So.2d 325 (1988)
OCEAN VIEW TOWERS, INC., Appellant,
v.
FIRST FIDELITY SAVINGS AND LOAN ASSOCIATION, Appellee.
No. 87-0127.
District Court of Appeal of Florida, Fourth District.
March 9, 1988.
*326 Michael W. Moskowitz and Monica I. Salis of Borkson, Simon & Moskowitz, P.A., Fort Lauderdale, for appellant.
Christopher K. Kay and James A. Burt of Swann and Haddock, P.A., Orlando, for appellee.
HERSEY, Chief Judge.
Appellant, Ocean View Towers, Inc. (Ocean View), appeals from a judgment of foreclosure of a mortgage securing a $3.6 million dollar loan entered in favor of First Fidelity Savings and Loan Association (Fidelity). Ocean View contends that the mortgage was part of a complicated and unusual program negotiated with Mr. Carl Guffin of Fidelity involving two loans: one for $13 million and the one in question for $3.6 million. The $13 million loan was successfully paid off; however, Ocean View defaulted on the $3.6 million loan. Ocean View alleges that the default was the result of Fidelity's failure to honor an oral agreement entered into with Carl Guffin prior to his departure from Fidelity which involved the creation of an interest reserve for the $3.6 million loan.
There is substantial conflict in the testimony regarding the interest reserve. However, there is no documentation either in letters or memos reflecting any agreement for the creation of an interest reserve.
In Blue Lakes Apartments, Ltd. v. George Gowing, Inc., 464 So.2d 705 (Fla. 4th DCA 1985), this court held that a court of appeal must disregard conflicting evidence and accept facts in evidence which are most favorable to the party that prevailed below. Further, the appellate court is not to substitute its judgment for that of the trial court as long as there is sufficient competent evidence to support its decision. See Diversified Commercial Developers v. Formrite, Inc., 450 So.2d 533 (Fla. 4th DCA 1984).
It is well settled that a trial court's discretion is abused when the judicial action taken is arbitrary, fanciful or unreasonable. Roberto v. Allstate Insurance Company, 457 So.2d 1148 (Fla. 3d DCA 1984). Judicial discretion does not mean that
a court may act, or fail to act, according to the mere whim or caprice of the presiding judge, but it means a discretion exercised within the limits of the applicable principles of law and equity, and the exercise of which, if clearly arbitrary, unreasonable, or unjust, when tested in the light of such principles, amounting to an abuse of such discretion, may be set aside on appeal.
Ellard v. Godwin, 77 So.2d 617, 619 (Fla. 1955), quoting from Carolina Portland Cement Co. v. Baumgartner, 99 Fla. 987, 128 So. 241, 247 (1930). Based on the testimony of the parties and the exhibits presented for consideration we do not find that the trial court abused its discretion in granting the judgment of foreclosure.
Ocean View also alleges that it paid a total of $85,000 in modification and commitment fees to Fidelity and that Fidelity's acceptance of the fees without acknowledging the existence of the interest reserve modification constitutes "unclean hands" on the part of Fidelity and consequently Fidelity should be barred from relief.
It is certainly beyond question that "one who comes into equity must come with clean hands else all relief will be denied him regardless of the merits of his claim. It is not essential that the act be a crime; it is enough that it be condemned by honest and reasonable men." Roberts v. Roberts, 84 So.2d 717, 720 (Fla. 1956). Ocean View takes the position that $65,000 constituted partial payment on the total of $85,000 required for commitment and modification fees. There is no documentation whatsoever regarding this $65,000 there is only the self-serving testimony of Ocean View. However, with regard to the remaining $25,000, there is correspondence between Ocean View and Fidelity documenting this as a non-refundable commitment fee paid *327 as consideration for substituting collateral and extending the mortgage on the $3.6 million dollar loan. We conclude, therefore, that there were no unclean hands on the part of Fidelity.
The judgment of the trial court is affirmed.
AFFIRMED.
LETTS and GLICKSTEIN, JJ., concur.