PER CURIAM.
In that the trial court determined the appellant was in possession of the premises in question until December 14, 1985, and such determination is found to be supported by substantial competent evidence below, the same is affirmed. For us to hold otherwise would necessitate usurping the fact-finding role of the trial judge and improperly expanding the role of the reviewing court. Delgado v. Strong, 360 So.2d 73 (Fla.1978); Ocean View Towers, Inc. v. First Fidelity Savings & Loan Ass’n, 521 So.2d 325 (Fla. 4th DCA 1988).
We affirm the trial court’s dismissal of the civil theft count of the complaint. *950 The record is devoid of any evidence to support a finding of criminal intent on the part of the landlord regarding its failure to return the security deposit, a necessary element of such cause of action which distinguishes it from appellant’s conversion claim. St. John v. Kuper, 489 So.2d 833 (Fla. 3d DCA 1986).
We reverse the trial court’s failure to award at least nominal damages to the appellant upon its finding that a breach of the lease in question has occurred. Onontario of Florida, Inc. v. R.P. Trucking Co., 399 So.2d 1117 (Fla. 4th DCA 1981).
We reverse the trial court’s dismissal of the conversion count of the complaint finding the evidence in the record below established a prima facie case as to such count. Ciamar Marcy, Inc. v. Monteiro, Da Costa, 508 So.2d 1282 (Fla. 3d DCA 1987).
AFFIRMED IN PART, REVERSED IN PART AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT HEREWITH.
GLICKSTEIN and GARRETT, JJ., and KAHN, MARTIN D., Associate Judge, concur.