PER CURIAM.
The defendants failed to establish conclusively the nonexistence of material issues of fact, therefore, a summary judgment was inappropriate. See Florida E. Coast Ry. Co. v. Metropolitan Dade County, 438 So.2d 978 (Fla. 3d DCA 1983).
The appellant/brokers allege that the defendant, Robert Howard, as owner and trustee of Club Alhambra Apartments, through his agent, Arthur Levine, entered into an oral, real estate listing agreement to sell the apartment complex. The brokers contend that they are entitled to a commission from Howard, as the seller, or from the other defendants, the purchaser *1324 and its assignees. This appeal is brought from a summary judgment entered for four of the six named defendants in an action for the brokerage commission. An intricate web connects the individual and corporate appellee/defendants.
The principal named defendant, Betsy Lee Turner, is the president and sole shareholder of defendant, Turner Properties Inc. The brokers claim that they introduced the defendant, Ivan Gati, who is Betsy Turner’s husband and an employee of Turner Properties, to Robert Howard and that Howard, Levine, and Gati engaged in continuous negotiations regarding the purchase of the Club Alhambra Apartments. On April 28, 1983, Gati allegedly sent a letter to Howard, on Betsy’s stationery, offering to purchase the Club Alhambra Apartments on terms which included that the “buyer pays broker’s commission.”
On March 9, 1984, a contract of sale for Club Alhambra Apartments was executed between the seller, Howard, and the purchaser, Turner Properties, with no mention of a broker’s commission. Betsy Turner, as president of Turner Properties, immediately executed an assignment of the sales contract to herself and then to the defendant, Club Alhambra Associates, Ltd. Betsy Turner also served as the contract-as-signee for the defendant, TPI-Alhambra Inc. (TPI). TPI is the general partner of Club Alhambra Associates, Ltd.
No brokerage commission was paid. The brokers contend that because, as assignor, Betsy Turner knew that the buyer assumed responsibility for the broker’s commission, she also had the same knowledge in her role as the assignee.
From what can be gleaned from the record, the summary judgment is based on the general rule that an assignee of a contract is shielded from liability for obligations unless he or she expressly assumes the underlying obligations. However, the evidence in this case includes language in the contract which provides that the “as-signee agrees to ... assume purchaser’s obligations under this [ajgreement],” and a showing of a complex agency relationship between the assignor and assignees. If there is an obligation of the initial buyer to pay a broker’s commission — a question not yet resolved — there is at least a genuine issue of fact and law as to the assignee’s liability. See Cusick v. Condominium Mktg. Consults, Inc., 434 So.2d 25 (Fla. 3d DCA), pet. for rev. dismissed, 436 So.2d 98 (1983)(assignee of sales contract, who knew his assignor had agreed to pay brokerage commission under purchase agreement, was liable for the commission).
Reversed and remanded.