PER CURIAM.
We hold that section 718.116, Florida Statutes (1993), limits the mortgagee’s liability in this ease to the lesser of six months of unpaid assessments or one per cent of the original mortgage debt. The amendment to the statute does not apply to this lawsuit, which was filed before its effective date. There is nothing in the statute to indicate that it does not apply to a former unit owner who has taken back a first mortgage as part of a sale of a unit. The trial court expressed concern that a delinquent owner could set up a sham sale, foreclose, and then use the statute to wipe out a liability. Such an owner would remain liable for the assessments as a “grantor” within the meaning of section 718.116(l)(a); in addition, this type of conduct would run afoul of the unclean hands doctrine in a foreclosure case, since foreclosure is an equitable remedy. See Ocean View Towers, Inc. v. First Fidelity Sav. & Loan Ass’n, 521 So.2d 325, 326 (Fla. 4th DCA 1988). Application of the statute does not amount to a constitutional violation. Under section 718.116(5)(a), an association’s lien for unpaid assessments is effective as to a first mortgagee “from and after recording of a claim of hen.” The hen in this case was recorded approximately three months after appellant obtained title.
The summary final judgment is reversed.
KLEIN and GROSS, JJ., and BROWNELL, SCOTT M., Associate Judge, concur.