PER CURIAM.
The appellants complain of alleged misrepresentation in the sale by a broker and its employee Navarro of a vessel owned by Benitez. On the appeals before us we (a) affirm the dismissal of the salesman Navarro as a party defendant, see Hotels of Key Largo, Inc. v. RHI Hotels, Inc., 694 So.2d 74 (Fla. 3d DCA 1997), review denied, 700 So.2d 685 (Fla.1997); Tevini v. Roscioli Yacht Sales, Inc., 597 So.2d 913 (Fla. 4th DCA 1992), review denied, 613 So.2d 9 (Fla.1993); Van D. Costas, Inc. v. Rosenberg, 432 So.2d 656, 659 (Fla. 2d DCA 1983)(“[I]f the contracting party knows the identity of the principal for whom the agent purports to act, the principal is deemed to be disclosed”), but (b) reverse the awards of section 57.105, Florida Statutes (1997), attorney’s fees assessed in favor of Washington International Insurance Company and Hartford Casualty Insurance Company, the sureties on bonds posted pursuant to the Yacht and Ship Brokers’ Act, Chapter 326, Florida Statutes (1997), on the ground that, while incorrect, the claims against them were not so unsubstantial as to justify those fees. See Keyes Co. v. Friedes, 497 So.2d 916 (Fla. 3d DCA 1986); Fireman’s Fund Ins. Cos. v. Rojas, 447 So.2d 1023 (Fla. 3d DCA 1984).
Affirmed in part, reversed in part.